IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-00266-MOC-WCM

| | | |
|---|---|---|
| DEBRA RAINES | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| MICHAEL DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court *sua sponte*.

I. Legal Principles Regarding Diversity Subject Matter Jurisdiction

A court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006); see also Ashcroft v. Iqbal, 556 U.S. 662, 671 (2009) ("Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt"). Relevant here, federal courts have original jurisdiction over civil actions between citizens of different states, where the amount in controversy exceeds $75,000 and there exists complete diversity between all plaintiffs and all defendants. 28 U.S.C. § 1332(a).

To be a citizen of a State, a person must be both a citizen of the United States and a domiciliary of that State. Newman–Green, Inc. v. Alfonzo–Larrain, 490 U.S. 826, 828 (1989); see also Stine v. Moore, 213 F.2d 446, 448

1

(5th Cir. 1954) (recognizing that, "[w]ith respect to the diversity jurisdiction of the federal courts, citizenship has the same meaning as domicile"). "For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there. One acquires a 'domicile of origin' at birth, and that domicile continues until a new one (a 'domicile of choice') is acquired." Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) (citations omitted); Jahed v. Acri, 468 F.3d 230, 236 (4th Cir. 2006). "For purposes of diversity jurisdiction, residency is not sufficient to establish citizenship." Brissett v. Wells Fargo Bank, N.A. for Certificate Holders of Carrington Mortg. Loan Tr., Series 2007-Frel, No. 4:17-CV-114-FL, 2017 WL 6368667, at *2 (E.D.N.C. Dec. 13, 2017) (quoting Johnson v. Advance Am., 549 F.3d 932, 937 n.2 (4th Cir. 2008)).

A court must consider several factors when determining a party's citizenship including voter registration, location of property, location of current residence, bank accounts, church affiliation, place of employment, and location where taxes are paid. Scott v. Cricket Commc'ns, LLC, 865 F.3d 189, 195 (4th Cir. 2017); Mecklenburg County v. Time Warner Entertainment-Advance/Newhouse Partnership, No. 3:05cv333-MR, 2010 WL 391279, at *5 (W.D.N.C. Jan. 26, 2010) ("In determining citizenship and domicile, a court may consider such factors as the place in which the individual actually resides, does business, pays taxes, receives mail, has a driver's license registered, has

an automobile registered, has title to and ownership of real and personal property, has a telephone listing, pays for utilities, conducts banking, carries on a social life and exercises political rights").

## II. The Current Record

On December 13, 2022, Plaintiff filed a verified Complaint in the Superior Court of Cleveland County, North Carolina asserting claims related to the sale of real property in North Carolina. Doc. 1-1. In that filing, Plaintiff alleged that both she and Defendant are citizens of North Carolina. Doc. 1-1 at ¶¶ 1, 2.

On December 21, 2022, Defendant, who is proceeding *pro se*, filed a Notice of Removal, asserting that this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1332. Specifically, Defendant states that he is a "Virginian," and that he is "not a citizen of North Carolina." Doc. 1 at 1 and ¶3 (emphasis in Notice).

On January 16, 2023, Plaintiff filed a Motion to Amend her Complaint to add Defendant's wife as a Defendant. Doc. 8. In her proposed amended complaint, Plaintiff alleges that she is a citizen of North Carolina, and, upon information and belief, that Defendant and his wife are "citizens and residents of the State of Virginia…." Doc. 8 at 6.

On January 23, 2023, Defendant filed an "Affidavit," which references his "home state of Virginia." Doc. 9 at ¶ 24.

In light of the importance of subject matter jurisdiction, and the Court's obligation to determine that it exists, the undersigned concludes that additional information should be provided regarding Defendant's citizenship at the time the case was removed. Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1166 (4th Cir. 1988) ("Diversity must be established at the time of removal"); Rice v. Rutledge Road Associates, LLC, No. 1:15-cv-00269-MR, 2016 WL 7322790, at *2 (W.D.N.C. Dec. 15, 2016) ("As diversity jurisdiction was the sole basis for removal of this action and diversity jurisdiction clearly did not exist at the time of removal, this Court is without subject matter jurisdiction in this case and the case must be remanded to the state court…."). As the party who removed this matter to federal court, Defendant bears the burden of establishing that the parties are completely diverse. See West Virginia State University Board of Governors v. Dow Chemical Company, 23 F.4th 288, 297 (4th Cir. 2022) (citing Mayor & City Council of Baltimore v. BP P.L.C., 952 F.3d 452, 461 (4th Cir. 2020)).

Additionally, the citizenship of Defendant's wife must be considered in connection with Plaintiff's Motion to Amend. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 367 (1978); Estate of Alvarez v. Donaldson Co., 213 F.3d 993, 995 (7th Cir. 2000) (cited with approval in Martinez v. Duke Energy Corp., 130 Fed. Appx. 629, 635, 2005 WL 1009648, at *4 (4th Cir. May 2, 2005)); Murphy and Chapman, P.A. v. Metro. Life Ins. Co., No. 3:05CV472-H, 2006

4

WL 211811, *2-3 (W.D.N.C. 25 Jan. 2006) ("the Supreme Court has expressly held that the addition of a nondiverse defendant through the filing of an amended complaint defeats complete diversity").

**IT IS THEREFORE ORDERED THAT**:

1. On or before **February 10, 2023**, Defendant **SHALL FILE** a Statement of Citizenship setting forth the citizenship of both Defendant and Defendant's wife, including information regarding the relevant factors set out above.

2. On or before **February 17, 2023**, Plaintiff **SHALL FILE** a response to Defendant's filing.

Signed: January 25, 2023

W. Carleton Metcalf
United States Magistrate Judge