UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | | |
|---|---|---|
| DEBRA RAINES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL CASE NO. 22-cv-00266 |
| v. | ) | |
| | ) | PLAINTIFF'S MOTION FOR LEAVE |
| MICHAEL DAVIS, | ) | TO AMEND COMPLAINT |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## PLAINTIFF DEBRA RAINES'S MOTION FOR LEAVE OF COURT TO AMEND COMPLAINT AND BRIEF IN SUPPORT

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiff, Debra Raines, respectfully requests that the Court grant Plaintiff leave to file the Amended Complaint attached hereto to include Timber Hills Development LLC as a defendant to the above-captioned matter, and in support thereof says as follows:

The Complaint names Michael Davis as Defendant only. There is a pending motion to add Michelle Davis, the Defendant's wife and purported owner to the Property in question, to the above captioned action as a defendant. Doc. 8. Defendant filed a motion to dismiss, wherein it was revealed that the Property at issue was sold to a third party. Doc. 21, ¶ ¶ 3, 4, and 5. A search of the Cleveland County Registry reveals that the title record reflects a conveyance from Michael and Michelle Davis, as Grantors, to, Timber Hills Development LLC, as Grantee (the deed is attached hereto as "Exhibit A").

Timber Hills Development LLC is a necessary party to this action. As the record titleholder of the Property at issue (herein "the Property"), with the ability to claim the position as a bona fide purchaser of value, Timber Hills Development LLC must be added as a party to this action for any judgment of this Court to affect the record title of the Property. A final judgment in the above captioned matter would affect the ownership interest Timber Hills Development LLC has in the Property.

The Court should grant leave to amend the Complaint because, in the absence of Timber Hills Development LLC, the Court cannot complete relief among existing parties. "Where it appears that missing indispensable[1] parties are subject to jurisdiction of the court, leave should be granted the complainant to amend his bill and join the parties." *Green v. Brophy*, App.D.C.1940, 110 F.2d 539, 71 App.D.C. 299.

## LEGAL STANDARD

A motion for permission to amend the Complaint is governed by Rule 15(a), which directs the Court to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fourth Circuit has stated that leave to amend under Rule 15(a) should be denied only in three situations: when the opposing party would be prejudiced, when the amendment is sought in bad faith, or when the proposed

---

[1] The Notes of Advisory Committee on Rules—1966 Amendment for F.R.C.P. Rule 19, advise that "[t]he word 'Indispensable,' appearing in original subdivision (b), was apparently intended as an inclusive reference to the interested persons in whose absence it would be advisable, all factors having been considered, to dismiss the action. *Green v. Brophy*, decided in 1940, uses the term "indispensable," which is now distinguished but was previously inclusive of both necessary and indispensable parties.

amendment would be futile. *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). A proposed amendment is considered futile if it cannot withstand a motion to dismiss. *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995).

## ANALYSIS

**A.    This Court should grant leave to amend because the motion is brought in good faith, will not prejudice the Defendant, and is not futile.**

First, the Amended Complaint is not being sought in bad faith. North Carolina General Statute § 41-10 provides that "[a]n action may be brought by any person against another who claims an estate or interest in real property adverse to him for the purpose of determining such adverse claims. . . It's clear by the attached deed that the Property has been conveyed to Timber Hills Development LLC.

Second, the Amended Complaint will not prejudice the Defendant. The Court in *Laber* recognized that the prejudicial effect of an amendment is dependent on when the amendment is made and the extent to which the amendment changes the nature of the action. "Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing." *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006). In *Laber*, the Court goes on to provide an example of a non-prejudicial amendment. "An amendment is not prejudicial, by contrast, if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred. *Laber* at 404.  See also, *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir.1980). Similar to the example provided in *Laber*,

3

the amended complaint is seeking to simply add a party in interest based on the facts already pled. Additionally, the amended complaint is being offered before any discovery in this matter has occurred. The amended complaint states no new claims or allegations against any party, and Michael Davis has already fully exercised his right to respond to the allegation in the Complaint through his Answer. Michael Davis therefore has suffered no "lost opportunity" to respond to the identical allegations in the amended complaint. See 1 Steven S. Gensler, *Federal Rules of Civil Procedure, Rules and Commentary Rule 15* ("Historically, prejudice under Rule 15(a) has been equated with lost opportunity."); see also *Laber*, 438 F.3d at 427 (explaining that "an amendment is not prejudicial," even if it "adds an additional theory to the facts already pled," when "offered before any discovery has occurred").

Third, the Amendment is not futile because it is not "clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 511 (4th Cir. 1986). The amended complaint is seeking at add a party in interest as contemplated by North Carolina General Statute § 41-10, which governs quiet title actions—the principal cause of action asserted in the Complaint.

## CONCLUSION

Plaintiff respectfully request that the Court grant leave to amend the Complaint and order that the Amended Complaint be filed in this action in the form attached to their motion.

Respectfully submitted the 19th of April, 2023.

MCINTYRE ELDER LAW

4

/s/Brenton S. Begley
Brenton S. Begley
Attorney for Plaintiff
233 East Graham Street
Shelby, North Carolina 28150
NC Bar # 52023
Phone: 704.259.7040
Fax: 1.866.908.1278
Email: brenton@mcelderlaw.com

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served the PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT on all the parties to this cause by: depositing a copy hereof, postage prepaid, in the United States Mail, addressed to each party as follows:

Michael Davis
Defendant
General Delivery
Dublin VA, 24084

Michelle Davis
General Delivery
Dublin VA, 24084

Registered Agents Inc.
C/O Timber Hills Development LLC
4445 Corporation Ln Ste 264,
Virginia Beach, VA, 23462 - 3262

This the 19th of April, 2023.

MCINTYRE ELDER LAW, PLLC

/s/ Brenton S. Begley
BRENTON S. BEGLEY
N.C. Bar # 52023
233 E. Graham St.
Shelby, North Carolina 28150
Phone: 704-258-7040
Email: Brenton@mcelderlaw.com

5


EXHIBIT

A

Doc No: 200084651
Recorded: 03/07/2023 10:23:20 AM
Fee Amt: $26.00    Page 1 of 5
Transfer Tax: $350.00
Cleveland County North Carolina
Betsy S. Harnage, Register of Deeds
BK **1893**   PG **2006 - 2010 (5)**

RE FedEx
5   RECORDING FEE $ 26.00   REVENUES 350.00

## NORTH CAROLINA GENERAL WARRANTY DEED

**Excise Tax $350.00   Recording Fee: $26.00**

Prepared by: **Timber Hills Development, LLC**   **1245 Mall Drive, N Chesterfield, VA 23235**
Return to:
Timber Hills Development,LLC c/o VA First Financial **1245 Mall Drive, N Chesterfield, VA 23235**

THIS DEED made this **3** day of March, 2023, by and between

**MICHAEL DAVIS and wife, MICHELLE DAVIS, Tenants by the Entirety**

hereinafter referred to as "Grantors" and

**TIMBER HILLS DEVELOPMENT, LLC, A Virginia Limited Liability Company**

**Address: 1108 East Main St. Ste 906 #3398
Richmond, VA 23219**

hereinafter referred to as "Grantee"

The designation "Grantors and Grantee" as used herein shall include said parties, their heirs, personal representatives, successors and assigns and shall include the singular, plural, masculine, feminine or neuter as required by the context.

WITNESSETH, that the Grantors, for a valuable consideration paid by the Grantee, the receipt of which is hereby acknowledged, has and by these presents does grant, bargain, sell and convey unto the Grantee in fee simple, all that certain lot or parcel of land situated in Cleveland County, N.C., also known as **Tax Parcel No. 16189, located at 1656 Cherryville Road, Cherryville, NC 28021,** and more particularly described as follows:

**SEE EXHIBIT A**

1/4        DAVIS:TIMBER HILLS DEVELOPMENT,LLC

INTERNET COPY INTERNET COPY INTERNET COPY INTERNET COPY INTERNET COPY INTERNET

THE PROPERTY hereinabove described was acquired by Grantors by instrument recorded in **Book 1886, Pages 634-636, Cleveland County Registry.**

All or a portion of the property herein conveyed ___ includes or ✓ does not include the primary residence of a Grantor.

TO HAVE AND TO HOLD the aforesaid lot or parcel of land and privileges and appurtenances thereto belonging to the Grantee in fee simple.

AND the Grantors covenant with the Grantee, that the Grantors are seized of the premises in fee simple, have the right to covenant the same in fee simple, that the title is marketable and free and clear of all encumbrances, and that Grantors will warrant and defend the title against the lawful claims of all persons whomever except for the exceptions hereinafter stated:

IN WITNESS WHEREOF, the Grantors have duly executed the foregoing as of the day and year first above written.

2/4          DAVIS TIMBER HILLS DEVELOPMENT,LLC

_____ (Seal)
Michael Davis

State: North Carolina
County: Gaston

I, the undersigned, a Notary Public of the County and State aforesaid, certify that Michael Davis, Grantor, personally appeared before me this day and acknowledged the due execution of the foregoing instrument.

WITNESS my hand and official stamp or seal, this the _3_ day of _March_, 2023

Stephanie Camp
Notary Public – Print Name

Michaele Camp
Notary Public – Signature

My Commission Expires: _7-11-2028_

3/4       DAVIS TIMBER HILLS DEVELOPMENT,LLC

Michelle Davis

State: North Carolina
County: Gaston

I, the undersigned, a Notary Public of the County and State aforesaid, certify that Michelle Davis, Grantor, personally appeared before me this day and acknowledged the due execution of the foregoing instrument.

WITNESS my hand and official stamp or seal, this the _3_ day of _March_, 2023

_Stephanie Camp_
Notary Public – Print Name

_Stephanie Camp_
Notary Public – Signature

My Commission Expires: _7-11-2027_

4/4      DAVIS TIMBER HILLS DEVELOPMENT,LLC

## Exhibit "A"

Being known as Lot No. 1 of the Jesse H. Carpenter old home place in No. Five (5) Township, Cleveland County, and bounded as follows:

**BEGINNING** at a negro pine on the North side of State Highway No. 150, a new corner; and runs thence a new line, South 43 East 60 poles to a stake in the branch, a new corner; thence down the branch as it meanders, South 7 East 10 poles to a stake in the branch and in Baker's line, a new corner in said line; thence with said line, South 86-1/2 East 27-1/4 poles to an iron stake, Will Carpenter's corner; thence with his line, North 4 East 74-1/2 poles to an iron stake, his corner and also the old corner; North 85-1/2 West 64 poles to an iron stake, a new corner in said line; thence a new line, South 20 West 26 poles to the **BEGINNING**, containing 24.42 acres, more or less, according to a survey by A. E. Elliott, Surveyor, dated November 5, 1945.

Title Reference: Book 1886, Pages 634-636, of the Cleveland County Registry.

**PARCEL NO: 16189**

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA

DEBRA RAINES,

        Plaintiff,

v.

MICHAEL DAVIS,
MICHELLE DAVIS, and
TIMBER HILLS DEVELOPMENT LLC

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

CIVIL CASE NO. 22-cv-00266

PLAINTIFF'S SECOND AMENDED COMPLAINT

**NOW COMES,** DEBRA RAINES, Petitioner, by and through undersigned counsel, who complains, alleges, and says of the Defendants the following:

## STATEMENT OF FACTS

1.     Plaintiff is a citizen and resident of Cleveland County for at least six months prior to the filing of this action.

2.     Upon information and belief, Defendants Michael and Michelle Davis are citizens and residents of the State of Virginia for at least six months prior to the filing of this action.

3.     Upon information and belief, Timber Hills Development LLC is a Virginia limited liability company.

4.     On or about October 20, 2022, Plaintiff and Defendant MICHAEL DAVIS entered into a contract (hereafter "the Contract") for the sale of property. The property described in the Contract is Cleveland County Parcel 16189, commonly known as 1656 Cherryville Road Cherryville, NC 28021 (the Contract is attached hereto as "Exhibit A"). The parcel number 16189 includes two separate tracts which were separated in a survey recorded at the Cleveland County Register of Deeds at Plat Book 46; Page 173 (the Plat Survey is attached hereto as Exhibit "B").

1

5.      On or about November 2, 2022, Plaintiff executed a deed (herein "the Deed") to effectuate the closing of the Property. The Deed was drafted by Brandon Jaynes with JPS Law and recorded in the Cleveland County Register of Deeds at Book 1886 and Page 634 (attached hereto as "Exhibit C").

6.      Plaintiff had the above-mentioned survey done, specifically for the purpose of selling the twelve-acre tract identified in the survey. The deed for closing was meant to reference the survey plat to identify only the twelve-acre tract as the property being conveyed.

7.      The legal description in the Deed erroneously included both tracts under Parcel 16189 (hereafter referred to as the "erroneously included property"). Plaintiff, relying on the legal experience and knowledge of Brandon Jaynes, signed the Deed without knowledge that the Deed's legal description erroneously included all the property under Parcel 16189.

8.      The mistake in the legal description of the Deed is antithetical to the intent of the parties as evidenced by the acreage amount advertised in the property listing (attached hereto as "Exhibit D"); the purchase price advertised in the listing for the twelve-acre tract matching the actual purchase price; the fact the Plaintiff acquired a survey, splitting Parcel 16189 into two tracts, specifically for the purpose of selling only a portion of the same; and email correspondence between the realtor for the property and Defendant (attached hereto as "Exhibit E"). Both parties clearly intended to respectively sell and purchase the twelve-acre tract only.

9.      On or about March 7, 2023, the Property, including the erroneously included property, was conveyed to Timber Hills Development LLC as evidenced by a deed attached hereto as "Exhibit F".

10.     Upon information and belief, Defendant Michael Davis and Michelle Davis maintain that they owned all the property related to Parcel 16189.

## FIRST CAUSE OF ACTION
### (Quiet Title)

11.    Plaintiff asserts all foregoing allegations as if fully set forth herein.

12.    It was not the intent of the Parties that the Deed include more property than the twelve-acre tract.

13.    Defendants assert an interest adverse to Plaintiff in the foregoing property.

14.    An action to quiet title is necessary to forever solve and settle the dispute between Plaintiff and Defendants.

## SECOND CAUSE OF ACTION
### (Reformation of Deed)

15.    Plaintiff asserts all foregoing allegations as if fully set forth herein.

16.    The Deed fails to embody the Plaintiff's and Defendants' actual agreement as stated in the Contract.

17.    The error in the deed is a result of a mutual mistake by Plaintiff and Defendants.

18.    Reformation of the Deed is necessary to give effect to the terms of the contract that the Plaintiffs and Defendants originally agreed upon.

## THIRD CAUSE OF ACTION
### (Unjust Enrichment)

19.    Plaintiff asserts all foregoing allegations as if fully set forth herein.

20.    Plaintiff has enriched Defendants by conveyance of the erroneously included property.

21.    Plaintiff is now lacking an ownership interest in her personal residence.

22.    In absence of a remedy at law, the Defendants been unjustly enriched by an amount equal to the value of her residence and surrounding property.

3

## FOURTH CAUSE OF ACTION
### (Temporary Restraining Order and Preliminary Injunction)

23.     Plaintiff asserts all foregoing allegations as if fully set forth herein.

24.     Upon information and belief, the Defendants intends to evict or, otherwise, seek ejectment of Plaintiff from her home.

25.     Plaintiff's home is part of the property erroneously included in the deed.

26.      Without the protection of this Court, the Plaintiff faces possible ejectment from her home.

27.     A temporary restraining order and subsequent preliminary injunction are necessary to protect the Plaintiff and preserve the status quo pending a resolution of this litigation.

28.   Based on the foregoing facts, Plaintiff has a high likelihood that she will prevail in this matter.

**WHEREFORE,** the Plaintiff Pray upon this Court to enter an ORDER as follows:

1.     That the Court find that the Plaintiff is the rightful owner of the erroneously included property.

2.     That the Cleveland County Register of Deeds be ordered to accept an original or certified copy of the order and to index the same showing the Plaintiff is restored of the erroneously included property.

3.     That the Court, in exercising it equitable powers, reform the Deed to reflect a conveyance of only that property agreed upon by the parties.

4.     That the Court, in exercising it equitable powers, find that the Defendants have been unjustly enriched in an amount equal to the value of the erroneously included property.

4

5.    That the Court enter a temporary restraining order and subsequent preliminary injunction granting Plaintiff possession of Plaintiff's home (and surrounding ten acres, less and excepting) pending the outcome of this litigation.

6.    That costs be allowed of course to Plaintiff per N.C.G.S. § 6-18.

7.    For such and other and further relief this Court deems just and proper.

This the 19th day of April , 2023.

MCINTYRE ELDER LAW, PLLC

/s/ Brenton S. Begley
Brenton S. Begley
Attorney for Plaintiff
233 East Graham Street
Shelby, North Carolina 28150
NC Bar # 52023
Phone: 704.259.7040
Fax: 1.866.908.1278
Email: brenton@mcelderlaw.com

Doc No:    200084651
Recorded:  03/07/2023 10:23:20 AM
Fee Amt:   $26.00         Page 1 of 5
Transfer Tax: $350.00
Cleveland County North Carolina
Betsy S. Harnage, Register of Deeds
BK 1893  PG 2006 - 2010 (6)



EXHIBIT

F

**RECORDING FEE $** 26.00 **REVENUE$** 350.00

# NORTH CAROLINA GENERAL WARRANTY DEED

**Excise Tax $350.00   Recording Fee: $26.00**

---

**Prepared by: Timber Hills Development, LLC          1245 Mall Drive, N Chesterfield, VA 23235
Return to:**
**Timber Hills Development,LLC c/o VA First Financial 1245 Mall Drive, N Chesterfield, VA 23235**

---

THIS DEED made this **3** day of March, 2023, by and between

**MICHAEL DAVIS and wife, MICHELLE DAVIS, Tenants by the Entirety**

hereinafter referred to as "Grantors" and

**TIMBER HILLS DEVELOPMENT, LLC, A Virginia Limited Liability Company**

> **Address: 1108 East Main St. Ste 906 #3398
> Richmond, VA 23219**

hereinafter referred to as "Grantee"

The designation "Grantors and Grantee" as used herein shall include said parties, their heirs, personal representatives, successors and assigns and shall include the singular, plural, masculine, feminine or neuter as required by the context.

---

WITNESSETH, that the Grantors, for a valuable consideration paid by the Grantee, the receipt of which is hereby acknowledged, has and by these presents does grant, bargain, sell and convey unto the Grantee in fee simple, all that certain lot or parcel of land situated in Cleveland County, N.C., also known as **Tax Parcel No. 16189**, located at **1656 Cherryville Road, Cherryville, NC 28021**, and more particularly described as follows:

**SEE EXHIBIT A**

1/4          DAVIS/TIMBER HILLS DEVELOPMENT,LLC

THE PROPERTY hereinabove described was acquired by Grantors by instrument recorded in **Book 1888, Pages 634-636, Cleveland County Registry.**

All or a portion of the property herein conveyed ___ includes or ✓ does not include the primary residence of a Grantor.

TO HAVE AND TO HOLD the aforesaid lot or parcel of land and privileges and appurtenances thereto belonging to the Grantee in fee simple.

AND the Grantors covenant with the Grantee, that the Grantors are seized of the premises in fee simple, have the right to covenant the same in fee simple, that the title is marketable and free and clear of all encumbrances, and that Grantors will warrant and defend the title against the lawful claims of all persons whomever except for the exceptions hereinafter stated:

IN WITNESS WHEREOF, the Grantors have duly executed the foregoing as of the day and year first above written.

2/4          DAVIS TIMBER HILLS DEVELOPMENT,LLC

Michael Davis

(Seal)

State: North Carolina
County: Gaston

I, the undersigned, a Notary Public of the County and State aforesaid, certify that Michael Davis, Grantor, personally appeared before me this day and acknowledged the due execution of the foregoing instrument.

WITNESS my hand and official stamp or seal, this the __3__ day of __March__, 2023

Stephanie Camp
Notary Public — Print Name

Notary Public — Signature

My Commission Expires: __7-11-2027__

3/4      DAVIS TIMBER HILLS DEVELOPMENT,LLC

Michelle Davis

State: North Carolina
County: Gaston

I, the undersigned, a Notary Public of the County and State aforesaid, certify that Michelle Davis, Grantor, personally appeared before me this day and acknowledged the due execution of the foregoing instrument.

WITNESS my hand and official stamp or seal, this the __3__ day of __March__, 2023

__Stephanie Camp__
Notary Public – Print Name

__Stephanie Camp__
Notary Public – Signature

My Commission Expires: __7-11-2027__

4/4     DAVIS/TIMBER HILLS DEVELOPMENT, LLC

## Exhibit "A"

Being known as Lot No. 1 of the Jesse H. Carpenter old home place in No. Five (5) Township, Cleveland County, and bounded as follows:

BEGINNING at a negro pine on the North side of State Highway No. 150, a new corner; and runs thence a new line, South 43 East 60 poles to a stake in the branch, a new corner; thence down the branch as it meanders, South 7 East 10 poles to a stake in the branch and in Eaker's line, a new corner in said line; thence with said line, South 86-1/2 East 27-1/4 poles to an iron stake, Will Carpenter's corner; thence with his line, North 4 East 74-1/2 poles to an iron stake, his corner and also the old corner; North 85-1/2 West 64 poles to an iron stake, a new corner in said line; thence a new line, South 20 West 26 poles to the BEGINNING, containing 24-1/2 Acres, more or less, according to a survey by A. E. Elliott, Surveyor, dated November 5, 1945.

Title Reference: Book 1886, Pages 634-636, of the Cleveland County Registry.

PARCEL NO: 16189