IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-00266-MOC-WCM

| | | |
|---|---|---|
| DEBRA RAINES, | ) | |
| | ) | |
| Plaintiff, | ) | ORDER |
| v. | ) | |
| | ) | |
| MICHAEL DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court *sua sponte*.

I. Relevant Background

On December 13, 2022, Debra Raines ("Plaintiff") filed her Complaint in the Superior Court of Cleveland County, North Carolina, asserting claims related to the sale of real property. Doc. 1-1.

On December 21, 2022, Michael Davis ("Defendant"), who is proceeding *pro se*, removed the case, contending that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332. Doc. 1.

On January 16, 2023, Plaintiff filed a Motion to Amend her Complaint to add Defendant's wife as a Defendant. Doc. 8.

By Order entered on January 26, 2023, the Court advised that additional information regarding Defendant's citizenship at the time of removal was necessary to determine whether the Court had subject matter jurisdiction.

1

Defendant was therefore directed to file a Statement of Citizenship setting forth the citizenship of both Defendant and his wife, and Plaintiff was directed to file a response. Doc. 11.

Defendant filed a Statement of Citizenship on February 10, and Plaintiff filed a response on February 17. Docs. 12, 15.

On February 23, Defendant filed a "Motion for Miscellaneous Relief," and on March 9, Defendant filed a Motion to Dismiss. Docs. 17, 21.

On March 17, 2023, the undersigned directed the Clerk to schedule a hearing on Plaintiff's Motion to Amend and Defendant's Motion for Miscellaneous Relief, and to schedule a status conference. The parties were advised that the initial issue that would be discussed would be whether the Court could exercise subject matter jurisdiction and that the parties were to be prepared to present any additional information they deemed relevant on that topic. Doc. 23. The parties were given notice that the hearing would occur on March 30, 2023 at the United States Courthouse in Asheville, North Carolina.

On March 30, 2023, Plaintiff's counsel appeared, but Defendant did not. Multiple attempts to contact Defendant were unsuccessful, it was confirmed that notice of the hearing had been sent to Defendant, and Plaintiff's counsel advised that he had attempted, without success, to reach Defendant previously. The undersigned therefore proceeded with the hearings and the issues presented were taken under advisement.

2

Case 1:22-cv-00266-MOC-WCM   Document 32   Filed 05/01/23   Page 2 of 8

Defendant subsequently contacted a deputy clerk by email, stating in part that Defendant was "afraid [he] made a mistake regarding the hearing that was expected on Friday," asking the deputy clerk to "explain to the Judge that [he] intend[ed] to send a letter post haste as regards [his] status," and making certain statements about the malfunctioning of his "usual phone number" and the reliability of his e-mail address.

On April 5, 2023, the undersigned issued an order ("Show Cause Order") that directed Defendant to show cause why the Court should not proceed immediately to consider subject matter jurisdiction and the motions discussed during the March 30 hearing on the current record and without hearing further from Defendant. Doc. 27. Defendant was ordered to respond by noon on Friday, April 14, 2023. Defendant was also ordered to provide to the Clerk's office and opposing counsel his complete, current, and accurate contact information. Id.

On April 7, 2023, a sixteen-page letter ("Letter") from Defendant was filed. Doc. 28.

On April 12, 2023, a letter was received by the Clerk's office purporting to provide Defendant's contact information. Doc. 29. Also on that day, Defendant filed a response ("Response") to the Show Cause Order. Doc. 30.

On April 19, 2023, Plaintiff filed a second Motion for Leave to Amend Complaint, by which she seeks leave to file an amended complaint that joins Timber Hills Development LLC as an additional party defendant. Doc. 31.

II. Discussion

### A. Defendant's Response to the Show Cause Order

#### 1. The Letter

Defendant's Letter is improper in form and tone. By way of example, Defendant refers to Plaintiff's counsel by his last name only and, at one point, asks the Court to "please manage Begley as best you can."

Further, the Letter does not provide an explanation for why Defendant failed to appear at the March 30 hearing; though Defendant states that he "had some serious technical difficulties that I suspect are on purpose," he does not state that he did not receive notice of the hearing and, to the contrary, appears to acknowledge that he knew of the hearing and chose not to attend on the belief that Plaintiff's counsel had scheduled the proceeding.

#### 2. The Response

Like many of Defendant's other filings in this case, the Response is primarily composed of generalized and obtuse statements that complain of other individuals and entities. The Response does not, though, provide a coherent explanation of why Defendant failed to appear at the March 30 hearing or answer the question of why the Court should not proceed to address the issue of subject matter jurisdiction without hearing further from him.

Therefore, the undersigned concludes that these matters are ripe for disposition.

### B. Subject Matter Jurisdiction

Plaintiff has not made a specific motion to remand but does contend that subject matter jurisdiction is lacking. Further, as discussed in prior Orders, the Court has an independent obligation to determine that it has subject matter jurisdiction over a case. See Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006); see also Ashcroft v. Iqbal, 556 U.S. 662, 671 (2009) ("Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt").

The obligation to demonstrate that subject matter jurisdiction exists in this matter rests with Defendant. See West Virginia State Univ. Bd. of Governors v. Dow Chemical Co., 23 F.4th 288, 297 (4th Cir. 2022) (citing Mayor & City Council of Baltimore v. BP P.L.C., 952 F.3d 452, 461 (4th Cir. 2020)). In that regard, Defendant must establish that complete diversity existed at the time of removal. See Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1166 (4th Cir. 1988) ("Diversity must be established at the time of removal").

The Court has noted its concerns regarding the existence of subject matter jurisdiction and has provided Defendant with multiple opportunities to make an appropriate showing.

Defendant initially provided some information. For example, in his Statement of Citizenship, he stated that his family has a homestead in Virginia, that the only property they have ever had in North Carolina is the

5

property that is the subject of this litigation, that they do not maintain bank accounts or have active voter registrations, and that he and his wife have not changed their drivers' licenses to North Carolina. Doc. 12.

In response, Plaintiff challenged the Statement of Citizenship and argued that no corroborating attachments or exhibits had been submitted to support Defendant's statements. Doc. 15. The Court thereafter set the March 30 hearing and advised the parties that they were to be prepared to present any additional information they deemed relevant on the issue of subject matter jurisdiction. Doc. 23. After Defendant failed to appear on March 30, the Court issued the Show Cause Order which recounted the statements made by Plaintiff's counsel regarding subject matter jurisdiction.

Although Defendant has filed the Response, he has failed to provide additional factual information relevant to subject matter jurisdiction. For example, in the Response, rather than provide specific facts upon which the Court can rely, Defendant makes vague statements such as "[i]ntent has been made manifest in action, the Defendant has abandoned North Carolina" and that he "obviously understood the nature of Removal and its requirements prior to and during the filing of the notice . . .". Doc 30.

Consequently, the undersigned concludes that Defendant has failed to carry his burden of demonstrating that the Court may exercise subject matter jurisdiction over this matter. Remand is therefore required. See Rice v.

Rutledge Road Associates, LLC, No. 1:15-cv-00269-MR, 2016 WL 7322790, at *2 (W.D.N.C. Dec. 15, 2016) ("As diversity jurisdiction was the sole basis for removal of this action and diversity jurisdiction clearly did not exist at the time of removal, this Court is without subject matter jurisdiction in this case and the case must be remanded to the state court....").[1]

**IT IS THEREFORE ORDERED THAT**:

1. This matter, on the Court's own motion, is **REMANDED** to the Superior Court of Cleveland County, North Carolina.

2. The Show Cause Order is **DISCHARGED**.

---

[1] Some courts have concluded that a motion to remand is dispositive under 28 U.S.C. § 636(b)(1)(A) and therefore a United States Magistrate Judge lacks the authority to address such a motion through a direct ruling. See Flam v. Flam, 788 F.3d 1043 (9th Cir. 2015); Williams v. Beemiller, 527 F.3d 259, 265 (2d Cir. 2008); Vogel v. U.S. Office Products Co., 258 F.3d 509, 514–15 (6th Cir. 2001); First Union Mortg. Corp. v. Smith, 229 F.3d 992, 996 (10th Cir. 2000); In re U.S. Healthcare, 159 F.3d 142, 146 (3d Cir. 1998); Davidson v. Georgia-Pacific, L.L.C., 819 F.3d 758, 765 (5th Cir. 2016). However, the Fourth Circuit has not addressed whether a magistrate judge may issue an order of remand, see Jonas v. Unisun Ins. Co., 230 F.3d 1352, 2000 WL 1350648 (4th Cir. 2000) (unpubl), and the "rule in this District as well as in many others is that a motion to remand is 'non-dispositive' and can therefore be determined by a magistrate judge as a final order pursuant to 28 U.S.C. § 636(b)(1)(A)." Drye v. Bankers Life and Cas. Co., No. 3:15CV115-MU, 2006 WL 2077562 at *2 (W.D.N.C. July 24, 2006).

3. The Court takes no action on the other pending motions in this case, as those may be addressed by the state court as may be necessary following remand.

Signed: May 1, 2023

W. Carleton Metcalf
United States Magistrate Judge